TOULMIN *versus* BENNETT and LAIDLOW.

1. In *scire facias* against bail, it is not necessary to insert an entire copy of the bail bond.
2. Suits commenced by *scire facias,* are like other actions; and a reasonable certainty in describing the record, which is the foundation of the action, is all that is required.
3. In such proceedings the plaintiff may elect to make out his case in the *scire facias,* and dispense with a *declaration;* or to use the *scire facias,* as a writ, and declare as in other cases.
4. The statute of *Jeofails* of 1824, cures an omission to set forth the record and judgment, upon which *scire facias* is founded, *prout patet per recordum.*
5. Where a plaintiff elects to dispense with a declaration in *scire facias,* he must, in the writ, set out all that would be essential in a declaration, to authorise a recovery.
6. This court fully recognizes the doctrine, that nothing can be pleaded by bail, which could have been used by his principal, in defence to the action against him.
7. It is a good plea to *scire facias,* against bail, that the plaintiff has not given security for costs, as required by the statute.*

In error from Mobile Circuit court.

This was a proceeding by *scire facias,* against bail, issued on the plaint of the defendants in error, against

---

* *Vide* Aikin's Digest, page 51, §7.

Toulmin, the bail of one Sheridan.   The defendant filed his plea in bar of a recovery under the *scire facias*, averring that the defendants, (plaintiffs in the original suit,) had not given security for costs on taking out their writ for bail, as required by statute. To this plea, there was a demurrer, which was sustained; and on assignments of error, the case came before this court.

The assignments of error will be seen in the opinion of the court.

*Acre* for plaintiff—*Elliott* and *Crawford, contra.*

TAYLOR, J.—This suit was brought by *scire facias*, by the defendants in error, against the plaintiff, in the Circuit court of Mobile county.

The following assignments of error are made, in this court, to wit:

1. The recognizance, or bail bond, is not set forth, in the writ of *scire facias.*

2. The record and judgment, on which the writ of *scire facias* is founded, is not set forth *prout patet per recordum*, as, by law, they ought to have been.

3. There was no declaration filed, in said action.

4. The court sustained the demurrer of the plaintiffs below, to the plea of the defendant.

As respects the first objection, it certainly is the usual practice, in England, to insert a copy of the bail bond, at length, in the *scire facias;* but, this is not considered necessary.   Suits commenced by *scire facias*, are like other actions—a reasonable certainty is required in describing the record, upon which the suit is founded; which will afford the defendant an opportunity of making any and every de-

fence which the nature of the action may admit of. Such a description of the record, in the *scire facias* as would be necessary in a declaration, if the action were commenced by the usual process of *capias ad respondendum*, would be all that could be required: and if such description is omitted in the writ—by filing a declaration, the defect might be cured : in fact, the plaintiff may elect, whether to make out his case in the *scire facias*, and dispense with a declaration ; or simply to use the *scire facias*, to bring the defendant into court, and to declare as in other cases.

In this case the suit is instituted against the plaintiff in error, as bail : there must, therefore, of necessity, have been a bail bond ; and that bond alone can be the foundation of the action ; but, as before observed, it is not necessary that the bond should have been set out in the writ.

It is also believed that the second assignment is not sustainable. Even, if in England, this would have been a fatal defect, yet by our statute of *jeofails* of 1824, it is cured. No objection was made to the *scire facias* on this ground, in the Circuit court; and not being made there, nor being necessary to show a cause of action, the plaintiff will not be permitted to make it here.

There can be no doubt, that when a *scire facias* is the leading process in the cause, the plaintiff may make the writ supply the place of a writ and declaration, as before observed, by inserting in it all that is essential to a declaration. But is the writ thus full in this case? It does not appear, from the writ, that a bail bond was ever executed. The only statement of the liability of the plaintiff in error, or rather all that could have been intended as such, is in

TOUTMIN *vs.* BENNETT and LAIDLOW.

the following words: "Now to the end that justice be done, you are commanded to make known to John B. Toulmin, who was bail and surety for the said Sheridan, upon the original process, whereon the judgment aforesaid was given, not only for his appearance to answer the plaintiffs upon the process aforesaid, but that he should abide and perform the judgment and order of said court, that should be given thereon, which said undertaking of said bail, has been duly assigned to said plaintiffs."

This statement, for it does not contain any thing like an averment, does not contain the word bond, or any word equivalent to it. The *assignment* of the "undertaking" of the plaintiff, raises a presumption that it was in writing, but it is impossible to arrive at a satisfactory conclusion what kind of instrument is sued on, or whether any. Nor is the assignment of the bail piece alleged in a more satisfactory manner. It is stated to have been duly assigned to the plaintiffs, but whether this assignment was by mere delivery, or in writing, ro by a third person; does not appear: we have the word of the clerk that he thinks the "undertaking" was "duly assigned;" but on this point the court is precluded from giving an opinion. It would be an unnecessary multiplication of words to dwell longer on this part of the subject: to make the writ sufficient, in this case, a declaration should have been filed.

The last assignment of error, however, is much the most important, as it not only denies the correctness of the proceedings in this suit, but strikes at the very foundation of the action, by alleging the invalidity of the bail bond, admitting that one has been executed.

Only one plea was filed in the case, which is in the following words, to wit:

"And the said John B. Toulmin comes and says, that the plaintiffs ought not to have, or maintain, their aforesaid action thereof against him, because he says plaintiffs, neither at or before the time of holding the said Eugine Sheridan to bail, nor since, hath given security for the costs of his suit, according to the statute in such case made and provided, and this he is ready to verify; wherefore the said defendant prays judgment," &c.

To this plea the plaintiffs demurred, and the demurrer was sustained by the court.

The statute referred to in the plea, was passed in January, 1827, and is in the following words:—"In all cases, when any plaintiff, or plaintiffs, may wish to hold any defendant or defendants to bail, in civil cases, such plaintiff, or plaintiffs, shall give security for costs of suit."

The counsel for the defendants in error was understood to admit, in the argument, that unless security for costs was given, the defendant to the original suit might have moved for the discharge of his bail, which would have been ordered; but insists that because this was not done before the bail was fixed by the return of *non est inventus*, on the *capias ad satisfaciendum*, against the principal; the defence now comes too late. But if he is not right in this, he contends, that the bail should have moved for an *exoneretur*, before he became so fixed; and his laches in not doing so makes him responsible.

The doctrine that nothing which could have been used by the principal as a defence to the suit against him, can be pleaded by the bail, is fully recogized.

TOULMIN *vs.* BENNETT and LAIDLOW.

The reason of this rule is obvious; it is intended to prevent the trial of the same question twice, between the same parties, or privies; for the bail certainly stands in the light of a privy to the principal. It has arisen, also, from the nature of the undertaking of the bail. It is, that the principal "will pay the judgment of the court, which may be rendered against him, or surrender himself to prison, in satisfaction thereof; or that he will do it for him. It follows, therefore, that the only inquiry with respect to the suit against the principal, is, has there been a judgment, and is it still in full force? But this certainly does not preclude an inquiry into the validity of the bail bond.

Bonds of this description, are all statutory, and the requisitions of the statutes, must be complied with, substantially, to make them obligatory. Suppose the law had required the order of the judge of the Circuit court, to authorise a defendant to be held to bail, and the order were to be made by the clerk of that court; would the return of *non est inventus*, upon *a capias ad satisfaciendum* against the principal, so fix the bail, that he could not show that fact in his defence? We conceive clearly not: the bond thus taken would be wholly void.

So, in this case, the law requires the plaintiff to give security for costs, before he is authorised to demand bail of the defendant. He must know whether he has complied with this requisition; therefore, there is no hardship on him, in determining that, by not doing so, the bail bond is void. The laches has been correctly said by the counsel to be on his side.

TOULMIN *vs.* BENNETT and LAIDLOW.

The language of the statute, it is believed, is imperative; and, unless security for costs is given by the plaintiff, he can not, lawfully, hold the defendant to bail.

It is considered unnecessary to examine the effect of the cases, read by the counsel for the defendants in error, from the New York reports. In those cases, the bonds had been regularly and legally taken, and the questions were, whether proper diligence had been used, by the principal or the bail.

The judgment is reversed; and, if the counsel for the defendants in error wish it, the cause will be remanded.